Smith, J. •
It is sought in this proceeding to reverse the judgment of the court of common pleas, on the ground that it overruled a motion filed by the plaintiffs in error, the defendants below, to require the plaintiff below to make his petition more definite and certain by filing a copy of the account on which the suit was brought, with all credits thereon.
The petition of the plaintiff averred that there was due to him from the defendants, $259.44, with interest from April 1, 1893, “for work and labor performed and materials furnished for defendants at their instance- and request, during the months of January, February and March, 1893, at No. 98 John street, Cincinnati. That said labor and materials so furnished as aforesaid by plaintiff at defendants’ request amounted to $259.44.’’ He averred that no part thereof had been paid, and that he had demanded payment thereof, which was refused, and asks a judgment for ‘ said sum,, with interest as aforesaid.
Thereupon the.defendants filed a motion asking the court . ‘ to require the plaintiff to make his petition more definite and certain by filing a copy of the account upon which the *530 suit is brought, with all credits thereon." This motion was overruled by the court, and exceptions taken by the defendants. Afterwards an answer was filed and a trial had, and a verdict rendered for the plaintiff for |200. A motion for a new trial was made and overruled, and judgment entered upon the verdict. No bill of exceptions containing the evidence offered at the trial was allowed, so that the only question for consideration is, whether there was error, prejudicial to the rights of the defendants in refusing to grant the motion first filed by the defendants.
It is manifest, we think, that it was not the purpose or intention of the pleader to bring this action under the provisions of section 5085, Revised Statutes, which provides that "when an action, counter-claim or set-off is founded upon an account, * * a copy thereof must be attached to and filed with the pleading; and if not so filed, the reason for the omission must be stated in the pleading," for no mention of there being an account between the parties is made in the petition. Apparently the pleader, for some reason,has not sought to avail himself of the right given by the statute referred to, to adopt the short form therein provided for. Clearly he might have done so, and filed a copy of his account with his petition, though he had not before that time have made on his books or elsewhere a statement of the items of services rendered or materials furnished, with the dates and amounts thereof (12 Ohio St., 621), for the claims asserted were proper subjects for such an account.
But the question is whether the mode of suing to recover for such items, as provided for in the section referred to, is exclusive; or may not a suit be brought thereon in another mode, as by an action on what was formerly known as the "common counts," and as was done in this particular case? As to this there seems to be a division of opinion in the states where the system of code pleading has been *531 adopted. Judge Swan, in his work on “Pleadings and Precedents,” 177, says: “A cause of action stated in the form of a common) count in assumpsit is good under the code. Put the same latitude of proof is not allowed under such a statement as was authorized at common law” * * * “Now, the common counts, for goods sold and delivered, work and labor, money had and received to the plaintiff’s use, money lent, and for use and occupation, etc., when set forth in a pleading under the code, are beyond the reach of objection by motion or demurrer, and each in itself contains facts sufficient to constitute a cause of action. ” And the forms of the common-counts in “Bates on Pleading,” 564 and post, do not call for copies of accounts to be attached.
He says, on page 573:
“A pleading in the general form for money had and received was used in McNutt v. Kaufman, 26 Ohio St., 127; and the court said that, to say _the least, the pleadings in that-case should not be adopted as precedents, from which it may be inferred that if the common count is good on demurrer in Ohio, it is not good as against a motion to make more definite and certain. ”
__Mr. Pomeroy/in his - work on'Code Remedies, section' 543-4, while conceding that) the great weight of authority sanctions their use, is distinctly opposed thereto.
_My own view is that the short form given by the statute is by far the better method, particularly when the claim is not for a variety of items as for goods sold and delivered, work and labor, etc., and that fairness to the person against whom the claim is asserted requires that a copy of the account, or the statement of the items, dates, amounts, etc., should be furnished to the person sued therefor.
But in this case we are not prepared to. say that the action of the court (if erroneous, which is not decided) was prejudicial to the defendants. We suppose defendants were *532 authorised, at or before the trial, to call for a copy of the account or bill of particulars of the claim. This ought to have been furnished to them, that they may have properly prepared for the trial of the case by knowing what the items were, and when furnished. For all that appears, this may have been done. There is nothing in the record to show that it was not. It is hardly probable that in this case, the trial of which lasted for several days, as the record shows this did, the defendants were not fully acquainted with the nature of the claim and the items of it. At all events, there is nothing to show that they were prejudiced, and the judgment will be affirmed.
William Litileford, for Plaintiff in Error.
W. L. Dickson, Contra.